UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JEAN ROGERS,<br><br>        Plaintiff,<br><br>    v.<br><br>SHIRLEY WARD-RUST,<br><br>        Defendant. | Case No. 2:24-cv-01762-DAD-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SCREENING HER COMPLAINT, AND GRANTING LEAVE TO AMEND<br><br>ECF Nos. 1 & 2 |

      In plaintiff's one-page complaint, she alleges that when she was eleven years old, defendant became her foster parent despite being unfit. ECF No. 1 at 1. These allegations do not present a federal question, and plaintiff has not alleged any other basis for this court's jurisdiction. Rather than recommend dismissal, I will grant plaintiff leave to amend so that she can explain why this action should proceed. I will also grant her application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

      A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's only claim against defendant is that she was unfit to become her foster parent. ECF No. 1 at 1. Plaintiff has not alleged any violation of federal law or any other basis for federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside of this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . .") (internal citations omitted). It seems unlikely that this deficiency can be cured by amendment, but, out of an abundance of caution, I will grant plaintiff an opportunity to amend.

Plaintiff may amend her within thirty days of this order's entry. She is advised that an amended complaint will supersede her current one and all claims and relevant exhibits must be

2

contained in the new complaint without reference to its predecessor. If plaintiff fails to file an amended complaint within the deadline, I will recommend this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

IT IS SO ORDERED.

Dated:  August 27, 2024                         _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE