UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JEAN ROGERS,<br><br>  Plaintiff,<br><br>  v.<br><br>SHIRLEY WARD-RUST,<br><br>  Defendant. | Case No. 2:24-cv-01762-DC-JDP (PS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>ECF No. 4<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 5 |

Plaintiff's initial complaint did not present a federal question. *See* ECF Nos. 1 & 3. I offered her a chance to amend, and plaintiff has done so, ECF No. 5. I will grant plaintiff's motion for an extension of time to file a complaint. However, the amended complaint, like its predecessor, still fails to present a federal question—or, indeed, any intelligible claim at all. Given that plaintiff is no closer to advancing a complaint that survives screening, I now recommend that this action be dismissed.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's amended complaint is a single page and appears to allege claims against her former foster parent, Shirley Ann Ward-Rust. ECF No. 5 at 1. Plaintiff claims that she was wrongfully sent to juvenile hall for allegedly "pushing a laundry basket." *Id.* She also claims, without elaboration, that Ward-Rust and her husband stole her mail and exploited her "in child

pornography and video surveillance." *Id.* These vague and conclusory allegations do not state cognizable or intelligible claims, and plaintiff has not alleged any other basis for federal jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction . . . . It is to be presumed that a cause lies outside of this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction . . . .") (internal citations omitted).

I find that, given plaintiff's inability to remedy the underlying deficiencies in her initial complaint, no further opportunities to amend are warranted. *See Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (holding that dismissal without leave to amend is proper where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment").

Accordingly, it is hereby ORDERED that plaintiff's motion for extension of time, ECF No. 4, is GRANTED and her amended complaint is deemed timely.

Further it is RECOMMENDED that plaintiff's amended complaint, ECF No. 5, be DISMISSED without leave to amend for want of federal jurisdiction and failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     October 15, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4